IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02402-RPM-MJW

TRUSTEES OF THE COLORADO FINISHING TRADES HEALTH AND WELFARE FUND,
TRUSTEES OF THE COLORADO FINISHING TRADES INSTITUTE,
TRUSTEES OF THE CARPET, LINOLEUM AND RESILIENT TILE LAYERS VACATION
TRUST FUND,  and
TRUSTEES OF THE  RESILIENT FLOOR COVERING PENSION FUND,

Plaintiffs,

v.

ALPINE DESIGN INTERIORS, INC., a Colorado corporation,
ABBA BONDING, INC., an Alabama corporation, and
MORRIS C. SEARS, an individual,

Defendants.

_____

**RECOMMENDATION ON**
**DEFENDANTS MORRIS C. SEARS AND ABBA BONDING, INC.'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT RE: FRAUD CLAIM (DOCKET NO. 35)**
**AND**
**PLAINTIFFS' MOTION FOR DEFAULT OR, IN THE ALTERNATIVE, TO COMPEL A**
**RESPONSIVE PLEADING (DOCKET NO. 45) AS TO DEFENDANT MORRIS C.**
**SEARS d/b/a ABBA BONDING ONLY**

**AND**

**ORDER REGARDING**
**PLAINTIFFS' MOTION TO AMEND COMPLAINT (DOCKET NO. 51)**
**AND**
**ATTORNEY ALAN G. MOLK'S MOTION TO WITHDRAW AS COUNSEL OF**
**RECORD FOR DEFENDANTS MORRIS C. SEARS AND ABBA BONDING, INC.**
**AND CERTIFICATION OF WRITTEN NOTICE TO CLIENT (DOCKET NO. 59)**

_____

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

2

This matter came on for hearing on October 19, 2009, on (1) Defendants Morris C. Sears and ABBA Bonding, Inc.'s Motion for Partial Summary Judgment Re: Fraud Claim (docket no. 35), (2) Plaintiffs' Motion to Amend Complaint (docket no. 51), (3) Attorney Alan G. Molk's Motion to Withdraw as Counsel of Record for Defendants Morris C. Sears and ABBA Bonding, Inc. and Certification of Written Notice to Client (docket no. 59), and (4) Plaintiffs' Motion for Default or, in the Alternative, to Compel a Responsive Pleading (docket no. 45) as to Defendant Morris C. Sears d/b/a ABBA Bonding only.

It should be noted that Magistrate Judge Watanabe issued a Recommendation on Plaintiffs' Motion for Default or, in the Alternative, to Compel a Responsive Pleading (docket no. 45) as to Defendant ABBA Bonding, Inc. only on April 9, 2009 (docket no. 54) because at that time there was an automatic stay in place as to Defendant Morris C. Sears issued from the United States Bankruptcy Court for the Southern District of Alabama in case no. 09-11053.  As of the date of this hearing, there is now relief from the stay as to Defendant Morris C. Sears issued from the United States Bankruptcy Court for the Southern District of Alabama in case no. 09-11053.

The court has reviewed and heard oral argument on the above motions and considered the responses and replies that have been filed thereto.  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.

The court now being fully informed makes the following findings of fact, conclusions of law, and Recommendation on Defendants Morris C. Sears and ABBA Bonding, Inc.'s Motion for Partial Summary Judgment Re: Fraud Claim (docket no. 35)

3

and Plaintiffs' Motion for Default or, in the Alternative, to Compel a Responsive Pleading

(docket no. 45) as to Defendant Morris C. Sears d/b/a ABBA Bonding only.  In addition,

the court also enters the following Order as to Attorney Alan G. Molk's Motion to

Withdraw as Counsel of Record for Defendants Morris C. Sears and ABBA Bonding,

Inc. and Certification of Written Notice to Client (docket no. 59), and Plaintiffs' Motion to

Amend Complaint (docket no. 51).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1.      That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to

be heard;

4.      That Defendant Morris C. Sears appeared in open court on October

19, 2009, and this court has personal jurisdiction over Mr. Sears;

5.      That this court VACATED the Order to Show Cause (docket no. 79)

issued and personally served upon Defendant Morris C. Sears,

since he did finally appear in person before the court on October

19, 2009;

6.      That both the Defendant Morris C. Sears and the Plaintiffs through

counsel Mr. Labe indicated, on the record on October 19, 2009,

that they were not objecting to Attorney Alan G. Molk's Motion to

Withdraw as Counsel of Record for Defendants Morris C. Sears

4

and ABBA Bonding, Inc. and Certification of Written Notice to Client (docket no. 59);

7.      That this court ordered that Defendants provide responses to Plaintiffs' outstanding discovery requests on or before November 2, 2009;

8.      That this court ordered Defendants to file any response on or before October 30, 2009, to Plaintiffs' Motion for Default or, in the Alternative, to Compel a Responsive Pleading (docket no. 45) as it relates to Defendant Morris C. Sears only.  That on October 30, 2009, Defendant Morris Sears filed his Response to Plaintiffs' Motion for Entry of Default or in the Alternative to Compel a Responsive Pleading (docket no. 97).  In this Response, Defendant Morris Sears' states as follows: "On April 9, 2009, Magistrate Judge Watanabe, entered a recommendation for the Entry of Default against Defendant ABBA Bonding, Inc. (Doc. 54).  Upon being duly advised of the consequences of confessing a Clerk's Entry of Default, Defendant Morris C. Sears hereby confesses Plaintiffs' Motion for Entry of Default as to the Third Claim for Relief;"

9.      That Defendant Morris C. Sears, individually and on behalf of Defendant ABBA Bonding, Inc., d/b/a ABBA Bonding, and counsel Alan G. Molk have irreconcilable differences.  There has been a failure to communicate by Defendant Morris C. Sears with counsel Mr. Molk of matters of importance to the defense of this case.  See

also *in camera* record made by Mr. Molk at the initial Show Cause Hearing on September 21, 2009, outside of the presence of Plaintiffs and Plaintiffs' counsel regarding Attorney Alan G. Molk's Motion to Withdraw as Counsel of Record for Defendants Morris C. Sears and ABBA Bonding, Inc. and Certification of Written Notice to Client (docket no. 59).  This *in camera* record was ordered sealed by this court and may not be opened except by further Order of Court;

10.    That the Tenth Circuit has a "long-standing" rule that a corporation must be represented by an attorney to appear in federal court.  <u>Tal v. Hogan</u>, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006);

11.    That Rule 56(c) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial."  <u>Robertson v. Board of County Comm'rs of the County of Morgan</u>, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Mares v.</u>

6

ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). See Fed. R. Civ. P. 56(e)(2).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented

must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment."  <u>Southway</u>, 149 F. Supp.2d at 1274.  "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party."  <u>Id.</u> at 1273;

12.  That Plaintiffs' Fourth Claim for Relief in the Amended Complaint which alleges Fraud seeks the exact same relief, the payment of fringe benefits, as the ERISA claims [ First, Second, and Third Claims for Relief] in the Amended Complaint;

13.  That Plaintiffs argue that their Fraud claim is exempt from preemption under 29 U.S.C. § 1144(b)(2)(A) and the McCarran-Ferguson Act of 1945 [15 U.S.C. §§ 1011 to 1012].  This court disagrees.  There is nothing in the Amended Complaint which identifies or seeks to enforce a Colorado law which "affect[s] the risk pooling arrangement between insurer [*Abba Bonding*] and the insured [*Alpine, the Union or the Trustees*]" within the United States Supreme Court's clarifying pronouncement by Justice Scalia in <u>Kentucky Ass'n of Health Plans, Inc. v. Miller</u>, 538 U.S. 329, 338, 340-42 (2003).  Thus, Plaintiffs' Fraud claim is preempted under ERISA.  <u>Monarch Cement Co. v. Lone Star Industries, Inc.</u>, 982 F.2d 1448, 1452 (10th Cir. 1992).  <u>See also</u> <u>Pilot Life Insurance Co. v. Dedeaux</u>, 481 U.S. 41, 54 (1987) (Congress did not intend for

remedies which it had rejected in ERISA to become available under state law claims);

14. That this court may exercise supplemental jurisdiction over the Plaintiffs' claim to enforce the Settlement Agreement pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."  In this case, this court finds that the Plaintiffs' claim to enforce the Settlement Agreement is rationally related to Plaintiffs' claims in the First Amended Complaint, as it is part of the same controversy.  The Settlement Agreement arose from claims for unpaid fringe benefits under the same CBA and Trust Agreements that are now at issue in the present action; and

15. That Plaintiffs' Motion to Amend Complaint (docket no. 51) is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must

9

first demonstrate to the court that it has "good cause"

for seeking modification of the scheduling deadline

under Rule 16(b).  If the movant satisfies Rule 16(b)'s

"good cause" standard, it must then pass the

requirements for amendment under Rule 15(a) . . . .

Rule 16(b)'s "good cause" standard is much different

than the more lenient standard contained in Rule

15(a).  Rule 16(b) does not focus on the bad faith of

the movant, or the prejudice to the opposing party.

Rather, it focuses on the diligence of the party

seeking leave to modify the scheduling order to permit

the proposed amendment.  Properly construed, "good

cause" means that the scheduling deadlines cannot

be met despite a party's diligent efforts.  In other

words, this court may "modify the schedule on a

showing of good cause if [the deadline] cannot be met

despite the diligence of the party seeking the

extension."  Carelessness is not compatible with a

finding of diligence and offers no reason for a grant of

relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo.

2001) (quotations and citations omitted).  This court finds that the

Plaintiffs have satisfied this first step in the analysis and have

established good cause to extend the deadline within which they

may seek leave to amend the complaint.

The second step is consideration of whether the Plaintiffs have

satisfied the standard for amendment of pleadings required under

Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be
>
> freely given when justice so requires."  Refusing leave
>
> to amend is generally only justified upon a showing of
>
> undue delay, undue prejudice to the opposing party,
>
> bad faith or dilatory motive, failure to cure deficiencies
>
> by amendments previously allowed, or futility of
>
> amendment.

Id. at 669 (citation omitted).  Based upon this standard, and

substantially for the reasons stated in the Plaintiffs' Motion to

Amend Complaint (docket no. 51) and for those additional

reasons as outlined above in paragraph 14, this court finds that

the proposed amendments should be permitted.  The court notes

that the Final Pretrial Conference is set on June 29, 2010, at

9:30 a.m., and no trial date has been set in this matter.  In the

event the parties believe that additional discovery is warranted in

light of these amendments, they may move to reopen discovery

for a reasonable period and to alter any other deadlines.  Id.

Thus, any prejudice that might arise from these amendments is

capable of being cured.  Id.

### RECOMMENDATION AND ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **RECOMMENDS**:

1.   That Defendants Morris C. Sears and ABBA Bonding, Inc.'s Motion

for Partial Summary Judgment Re: Fraud Claim [Fourth Claim for

Relief in the Amended Complaint] (docket no. 35) be **GRANTED**;

and

2.   That Plaintiffs' Motion for Default or, in the Alternative, to Compel a

Responsive Pleading (docket no. 45) as to Defendant Morris C.

Sears d/b/a ABBA Bonding **only** be **GRANTED**.  That a Clerk's

default should be entered against Defendant Morris C. Sears d/b/a

ABBA Bonding on the Third Claim for Relief in the Complaint.

In addition, based upon the above findings of fact and conclusions of law, this

court **ORDERS**:

1.   That Attorney Alan G. Molk's Motion to Withdraw as Counsel of

Record for Defendants Morris C. Sears and ABBA Bonding, Inc.

and Certification of Written Notice to Client (docket no. 59) is

**GRANTED**.  Attorney Alan G. Molk is withdrawn as counsel of

record for Defendants Morris S. Sears, an individual, and ABBA

Bonding, Inc., d/b/a ABBA Bonding, an Alabama corporation;

2.     That ABBA Bonding, Inc., d/b/a ABBA Bonding, an Alabama corporation shall forthwith retain new legal counsel or be subject to default;

3.     That Defendant Morris C. Sears, an Individual, shall forthwith retain new legal counsel or be prepared to proceed pro se on all future motions, hearings, and trial;

4.     That Plaintiffs' Motion to Amend Complaint (docket no. 51) is **GRANTED**.  The Plaintiffs' Second Amended Complaint (docket no. 51-2) is accepted for filing as of date of this Order; and

5.     That Defendant Morris S. Sears d/b/a ABBA Bonding shall provide responses to Plaintiffs' outstanding discovery requests on or before December 11, 2009.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Done this 19th day of November, 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE